UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SYNVENTIVE MOLDING SOLUTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:08-cv-136 |
| ) | |
| v. ) | Hon. William K. Sessions III |
| ) | |
| HUSKY INJECTION MOLDING SYSTEMS, ) | Jury Trial Demanded |
| INC. ) | |
| ) | |
| Defendant. ) | |

**HUSKY'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO ADD ITS INEQUITABLE CONDUCT AFFIRMATIVE
DEFENSE AND COUNTERCLAIM**

Husky Injection Molding Systems, Inc. ("Husky") requests leave to file an Amended Answer, Affirmative Defenses, and Counterclaims to include an inequitable conduct affirmative defense and counterclaim. More particularly, Husky's proposed Amended Answer, Affirmative Defenses, and Counterclaims includes an affirmative defense and counterclaim for unenforceability based on the patent applicant's failure to disclose material information about the prior art Kona Valve Gate System to the PTO during prosecution of the Synventive Molding Solutions, Inc. ("Synventive") patent applications.

At the outset, Husky believes that it is entitled to add its inequitable conduct affirmative defense and counterclaim as matter of right in response to Synventive's Revised Amended Complaint filed on July 30, 2009. *See Uniroyal Chem. Co., Inc. v. Syngenta Crop Protection, Inc.*, Case No. 3:02CV02253(AHN), 2005 WL 677806, at *3 (D. Conn. March 23, 2005) ("principles of fairness compel the court to conclude that if a plaintiff is permitted to expand the

{B0464756.1 13172-0001}
1

scope of the case by amending her complaint to add new theories of recovery, a defendant should be permitted to do the same by adding new counterclaims that also expand the scope of the case."); *Commerce Bancorp, Inc. v. BankAtlantic,* Case No. Civ. 02-4774(JBS), 2004 WL 612525, at *2 (D.N.J. Jan. 12, 2004) ("[plaintiff's amended complaint changed and expanded the scope of this dispute ... It is thus wholly appropriate for defendant to raise a counterclaim which it has never before raised, in response to the Amended Complaint.").[1]

Out of an abundance of caution, however, Husky is filing the present motion for leave to amend in the event the Court either: (1) disagrees that Husky is entitled to add its new affirmative defense and counterclaim as a matter of right; or (2) grants Husky's pending Motion to Dismiss Synventive's trade secret claims.[2] The Court should grant Husky's motion because it has shown good cause for its proposed amendment. In particular, Husky has been diligent in filing its motion. Husky just recently discovered the facts underlying Husky's inequitable conduct affirmative defense and counterclaim during deposition discovery conducted on June 16-18, 2009 - after the case schedule deadline for amending the pleadings. Furthermore, because Synventive has recently filed its Revised Amended Complaint further expanding the claims and scope of this case, the new defense and counterclaim that Husky seeks to add to the case will not unduly prejudice Synventive, and will not delay the proceedings of this case.

---

[1] *See also Mun. Revenue Services, Inc. v. Xspand, Inc.*, Case No. 4:05CV671, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006); *Digital Privacy, Inc. v. RSA Security, Inc.*, 199 F. Supp. 2d. 457 (E.D. Va. 2002).

[2] On August 17, 2009, Husky filed its Motion to Dismiss Synventive's trade secret allegations contained in its Revised Amended Complaint. In the event the Court grants Husky's Motion to Dismiss, Husky still seeks to add its inequitable conduct affirmative defense and counterclaim. On August 13, 2009, Husky also filed a Motion to Strike Synventive's Revised Amended Complaint in its entirety based on Synventive's false statements regarding what it was adding to its Revised Amended Complaint. If the Court grants Husky's Motion to Strike, Husky still seeks to add its inequitable conduct affirmative defense and counterclaim.

For these reasons, and the reasons discussed below, the Court should grant Husky's motion.

I.  **HUSKY'S MOTION FOR LEAVE SHOULD BE GRANTED**

Husky is entitled to amend its pleading for good cause pursuant to Fed. R. Civ. P. 16.[3] *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 242-44 (2d Cir. 2007). In determining whether good cause exists, the Court must consider whether Husky was diligent in filing its amended pleading. *See id.* at 244. In addition, the Court may consider whether allowing the amendment of the pleading will prejudice Synventive. *See id.*

**A. Husky Has Been Diligent In Filing Its Motion**

Here, Husky has been diligent in filing its motion. The underlying facts supporting Husky's proposed amendment were recently obtained from the depositions of the inventors of the patents-in-suit, Messrs. Mark Moss and Christopher Lee. These depositions were taken on June 16-18, 2009, after the case schedule deadline for amending the pleadings. Thus, Husky could not have filed its motion to amend prior to the case schedule deadline. In addition, shortly after the depositions of Messrs. Moss and Lee, Husky served a Rule 45 subpoena to take the deposition of the attorney primarily responsible for the prosecution of the patents-in-suit to obtain additional evidence in support of its inequitable conduct affirmative defense and counterclaim. Husky is currently trying to schedule this deposition. Thus, there has been no undue delay by Husky in moving to amend its pleading. See *Estate of Ratcliffe v. Pradera Realty Co.,* 2007 WL 3084977, *3-4 (S.D.N.Y. 2007) (granting motion to amend under Rule 16 because the moving party demonstrated requisite diligence by moving to amend after discovering new evidence in a deposition).

---

[3] When the time table for amending pleadings has passed, a parties' ability to amend its pleading is governed by Rule 16. *Kassner,* 496 F.3d at 242-44.

### B. Husky's Amended Pleading Will Not Unduly Prejudice Synventive and Will Not Unduly Delay the Proceedings

Husky's amended pleading will not unduly prejudice Synventive. The underlying facts that form the basis for Husky's amendment are in the possession, custody, and control of Synventive and its attorneys, such as Synventive's own documents and the testimony of its own employees and attorneys. In other words, Synventive will not need to take any additional discovery of Husky to defend against Husky's inequitable conduct claim. Thus, Husky's amended pleading will not require Synventive to expend additional significant resources in conducting discovery or preparing for trial. Synventive cannot credibly claim prejudice when it has itself just recently amended its pleading to bring in its new trade secret misappropriation claim expanding the scope of this case, and when it subsequently asked the Court to extend the discovery period.

In addition, Husky's amended pleading will not cause any delay in the proceedings for many of the same reasons Synventive will not be prejudiced by Husky's amended pleading. The parties are still conducting deposition discovery in this case. As explained above, Synventive will not have to conduct any discovery to defend against Husky's amended pleading. To the extent Husky needs additional deposition discovery of Synventive, or of any third parties involved with the prosecution of the patents-in-suit, the parties can schedule those depositions along with the other depositions that are being scheduled during the months of August and September.

## II. CONCLUSION

For at least the foregoing reasons, Husky requests that the Court grant Husky's motion for leave to amend its answer, affirmative defenses, and counterclaims. A copy of Husky's current Answer, Affirmative Defenses, and Counterclaims is attached hereto as Exhibit A. The

proposed Amended Answer, Affirmative Defenses, and Counterclaims is attached hereto as Exhibit B. Also, pursuant to Local Rule 15.1, a redlined version showing the additions to the Answer, Affirmative Defenses, and Counterclaims related to Husky's inequitable conduct affirmative defense and counterclaim is attached hereto as Exhibit C.

Local Rule 7.1(b) Certification

In accordance with Local Rule 7.1(b), Husky's counsel has attempted to obtain Synventive's concurrence to this Motion. Specifically, on August 15, 2009, Husky's counsel, Mr. Shull, contacted Synventive's counsel, Messrs. Carleton and Oliverio, via email to seek Synventive's concurrence. As of the filing of this motion, Synventive's counsel did not respond to Mr. Shull's August 15 email.

Respectfully submitted,

Dated: August 17, 2009

By: /s/ Karen McAndrew
Karen McAndrew, Esq.
**Dinse, Knapp & McAndrew, P.C.**
209 Battery Street
P.O. Box 988
Burlington, VT  05402
Ph.: 802-864-5751
Fax:  802-862-6409

Marc S. Cooperman
Janice V. Mitrius
Matthew P. Becker
Jason S. Shull
Katherine L. Becker
**Banner & Witcoff, Ltd.**
10 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Ph: 312-463-5000
Fax: 312-463-5001

*Attorneys for Defendant*
*Husky Injection Molding Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SYNVECTIVE MOLDING SOLUTIONS, INC.) ) **Plaintiff,** ) ) vs. ) ) HUSKY INJECTION MOLDING ) SYSTEMS, INC., ) ) **Defendant.** ) | Civil Action No. 2:08-CV-136 |

**CERTIFICATE OF SERVICE**

I, Karen McAndrew, Esq., certify that on August 17, 2009, I electronically filed **Husky's Memorandum in Support of Its Motion for Leave to Amend Its Answer, Affirmative Defenses, and Counterclaims to Add Its Inequitable Conduct Affirmative Defense and Counterclaim** with the Clerk of the Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| Ian P. Carleton, Esq. | M. Lawrence Oliverio, Esq. |
| Maria Bautista, Esq. | Therese A. Hendricks, Esq. |
| Jay Stelacone, Esq. | |

DATED at Burlington, Vermont this 17th day of August, 2009.

                DINSE, KNAPP & McANDREW, P.C.
                By: /s/ Karen McAndrew
                     Karen McAndrew, Esq.
                     209 Battery Street, P. O. Box 988
                     Burlington, VT  05402-0988
                     (802) 864-5751

                     Marc S. Cooperman
                     Janice V. Mitrius
                     Matthew P. Becker

>Jason Shull
>Katie L. Becker
>**Banner & Witcoff, LTD.**
>10 S. Wacker Drive, Suite 3000
>Chicago, IL 60606
>Ph: 312-463-5000
>Fax: 312-463-5001

*Attorneys for Defendant,*
 *Husky Injection Molding Systems, Inc.*