# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SYNVENTIVE MOLDING SOLUTIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUSKY INJECTION MOLDING SYSTEMS, ) <br> INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:08-cv-136 <br><br> Hon. William K. Sessions III <br><br> Jury Trial Demanded |

**HUSKY INJECTION MOLDING SYSTEM, INC.'S AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO SYNVENTIVE MOLDING SOLUTION, INC.'S
<u>REVISED AMENDED COMPLAINT</u>**

Subject to Husky Injection Molding Systems, Inc.'s ("Husky") pending motions to strike and to dismiss, either of which may obviate the need for Husky to respond to Synventive Molding Solution, Inc.'s ("Synventive") Revised Amended Complaint, Husky states the following in response to Synventive's Revised Amended Complaint:

1.     Plaintiff, Synventive Molding Solutions, Inc. ("Synventive") brings this action seeking monetary damages and injunctive relief against Defendant Husky Injection Molding Systems, Inc. ("Husky") to remedy Husky's infringement of U.S. Patent No. 5,894,025 (the '025 patent, attached as Exhibit A), U.S. Patent No. 6,419,870 (the '870 patent, attached as Exhibit B) and U.S. Patent No. 6,599,116 (the '116 patent, attached as Exhibit C) as well as Husky's misappropriation of Synventive's trade secrets.

**ANSWER**: Husky admits that Synventive purports to bring this action seeking monetary damages and injunctive relief against Husky, and that a copy of the '025 patent was attached as Exhibit A, a copy of the '870 patent was attached as Exhibit B, and the '116 patent was attached as Exhibit C, but denies that it has committed any acts of patent infringement of the

1

'025 patent, '870 patent and '116 patent. To the extent Paragraph 1 contains allegations regarding Synventive's trade secret allegation, no response is required at this time in view of Husky's pending motion to dismiss this allegation.

## PARTIES

2. Plaintiff Synventive is, and at all relevant times has been, a corporation organized and existing under the laws of Delaware having its principal place of business in Peabody, Massachusetts and conducting business generally in Vermont.

**ANSWER:** After a reasonable investigation, Husky lacks the knowledge or information sufficient to form a belief about the truth or falsehood of the averments of Paragraph 1 and therefore denies the same.

3. Upon information and belief, Defendant Husky is a corporation residing and, at all times relevant to this Complaint, conducting and/or transacting business in Milton, Vermont.

**ANSWER:** Husky admits that it is a corporation organized under the laws of the State of Illinois and has conducted business in Milton, Vermont. Husky denies all allegations not in this Paragraph not specifically admitted.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

**ANSWER:** Husky admits that Synventive purports that this is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 101 *et seq*., but denies that it has committed any acts of patent infringement against Synventive. .

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 28 U.S.C. § 1391.

**ANSWER:** Husky admits that this Court has subject matter jurisdiction in this action, but denies that Synventive's Complaint states a valid claim for relief.

6. This Court has personal jurisdiction over the parties pursuant to Fed. R. Civ. P. 4(k)(1)(A).

**ANSWER:** Husky admits that this Court has personal jurisdiction over the parties, but denies that Synventive's Complaint states a valid claim for relief.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER:** Husky admits that venue is proper in this Court, but denies that Synventive's Complaint states a valid claim for relief.

## FACTS

8. Plaintiff Synventive incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

**ANSWER:** Husky repeats its answer contained in Paragraphs 1-8.

9. Synventive is engaged in the design, development, sale and manufacture of injection molding equipment.

**ANSWER:** Husky admits the averments of Paragraph 9.

10. Synventive owns the entire right, title and interest in and to the '025, '870, and '116 patents.

**ANSWER:** Husky denies the averments in Paragraph 10.

11. On information and belief defendant is making, using and selling, and has in the past, made, used and sold, actuators and accompanying clamp plates and manifolds, as described in the accompanying Motion for Preliminary Injunction and attachments thereto, which infringes claims 12 through 19 of the '025 patent, claims 2, 3, and 7 of the '870 patent, and claims 2 through 5, 12, and 13 through 16 of the '116 patent.

**ANSWER:** Husky denies the averments in Paragraph 11.

12. Husky has had actual and constructive knowledge of the patents in suit, including the scope and claim coverage thereof.

**ANSWER:** Husky admits that employees were aware of the '025 patent by November 12, 2002. Husky also admits that Synventive provided notice of the existence of the '025 patent,

3

'116 patent and '870 patent in a letter dated February 5, 2007.  Husky did not know of the existence of the '116 patent or '870 patent before Synventive's February 5, 2007 letter. Husky denies the remaining averments in Paragraph 12.

## COUNT I
## (PATENT INFRINGEMENT)

13.     Synventive incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

**ANSWER:**     Husky repeats its answer in Paragraphs 1-12.

14.     Husky's aforesaid activities constitute a direct, contributory and/or inducement of infringement of the aforesaid patents in violation of 35 US.C. § 271 *et seq*.

**ANSWER:**     Husky denies the averments in Paragraph 14.

15.     Husky's aforesaid infringement is, and has been, willful and knowing.

**ANSWER:**     Husky denies the averments in Paragraph 15.

16.     Synventive has suffered immediate irreparable harm and monetary damages and will continue to suffer such irreparable harm and damages as a result of Husky's willful patent infringement.

**ANSWER:**     Husky denies the averments in Paragraph 16.

## COUNT II
## (MISAPPROPRIATION OF SYVENTIVE TRADE SECRETS)

**ANSWER:**     No response to Paragraphs 17-29 is required at this time in view of Husky's pending motion to dismiss Synventive's trade secret misappropriation allegations.

## EXCEPTIONAL CASE

30.     Because of Husky's willful infringement, this is an exceptional case under 35 U.S.C. § 285 and Synventive is entitled to attorney's fees incurred in connection with prosecuting this action.

**ANSWER:**     Husky denies the averments in Paragraph 30.

## AFFIRMATIVE DEFENSES

Without undertaking any burden it does not otherwise bear, Husky asserts the following Affirmative Defenses, and reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Husky does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid clam of the '025 patent.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '025 patent are invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 101, 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

### THIRD AFFIRMATIVE DEFENSE

Husky does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '870 patent.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the '870 patent are invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

### FIFTH AFFIRMATIVE DEFENSE

Husky does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid clam of the '116 patent.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '116 patent are invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

### SEVENTH AFFIRMATIVE DEFENSE

Husky alleges that Synventive is barred from enforcement of the '025, '870 and '116 patents for any alleged infringement against Husky under the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Husky alleges that Synventive is barred from enforcement of the '025, '870 and '116 patents for any alleged infringement against Husky under the doctrine of unclean hands in light of at least Synventive's trade secret misappropriation as specified below in Count III of the counterclaim.

### NINTH AFFIRMATIVE DEFENSE

Husky alleges that Synventive is barred from enforcement of the '870 and '116 patents for any alleged infringement against Husky under the doctrine of inequitable conduct in view of the fact that persons substantively involved in the prosecution of the patents failed to disclose information material to the patentability of the claims of the '870 and '116 patents during prosecution, as specified below in Count IV of the counterclaim.

## COUNTERCLAIMS

Husky Injection Molding, Inc. ("Husky") states as its counterclaims against Synventive Molding Solutions, Inc. ("Synventive") the following:

## PARTIES

1. Husky is a corporation organized under the laws of the State of Illinois and has a principal place of business in Milton, Vermont.

2. On information and belief, Synventive is a corporation organized under the laws of the state of Delaware having its principal place of business in Peabody, Massachusetts.

## JURISDICTION AND VENUE

3. This declaratory judgment action arises under the patent laws of the United States, 35 USC. §§ 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

5. Synventive, by its Complaint, has accused Husky of infringing certain claims of U.S. Patent No. 5,894,025 ("the '025 patent"), U.S. Patent No. 6,419,870 ("the '870 patent") and U.S. Patent No. 6,599,116 ("the '116 patent"). For this reason, Synventive has submitted itself to the jurisdiction of this Court and an actual controversy exists under 28 U.S.C. § 2201.

6. Synventive admits in its Complaint in Paragraph 2 that it conducts business generally in Vermont and, therefore, is subject to personal jurisdiction in the District of Vermont.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## COUNT I

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '025, '870 AND '116 PATENTS

8. Husky realleges and incorporates by reference each of the allegations of paragraphs 1 through 7 of its Counterclaim above.

9. Synventive alleges that Husky infringes the '025, '870 and '116 patents.

10. Husky has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claims of the '025 patent.

11. Husky has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '870 patent.

12. Husky has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '116 patent.

13. A declaration by this Court establishing Husky's non-infringement of Synventive's asserted '025, '870 and '116 patents is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Husky and Synventive.

## COUNT II

### DECLARATORY JUDGMENT
### OF INVALIDITY OF THE '025, '870, AND '116 PATENTS

14. Husky realleges and incorporates by reference each of the allegations of paragraphs 1 through 7 of its Counterclaim above.

15. The '025 patent is invalid under one or more provisions in Title 35 of the United States Code, including §§ 101, 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

8

16. The '870 patent is invalid under one or more provisions in Title 35 of the United States Code, including §§ 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

17. The '116 patent is invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102, 103, and 112, in view of at least the prior art references and other reasons identified in Husky's opposition to Synventive's Motion for Preliminary Injunction.

18. A declaration by this Court establishing that Synventive's asserted '025, '870 and '116 patents are invalid is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Husky and Synventive.

## COUNT III

## MISAPPROPRIATION OF HUSKY'S TRADE SECRETS

19. Husky realleges and incorporates by reference paragraphs 1 through 7 of its Counterclaim above.

20. This Count is brought pursuant to the Vermont Trade Secrets Act, VT. STAT. ANN. title 9, § 4601 *et seq*.

21. Husky is the owner of certain confidential information relating to its injection molding systems.

22. Husky's confidential information relating to its injection molding systems derives independent economic value from not being readily known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from its disclosure or use.

9

23. Husky's confidential information relating to its injection molding systems is the subject of reasonable efforts by Husky to maintain its secrecy.

24. Husky's confidential information relating to its injection molding systems constitutes a trade secret of Husky under applicable law.

25. Among the trade secrets of Husky are mechanical drawings of Husky's products, including, *inter alia*, drawings of products called the U1750 Hydraulic Actuator, Version 1, and the U1250 Hydraulic Actuator, Version 1.

26. On information and belief, the drawing attached as Exhibit D of Synventive's Motion for Preliminary Injunction is a partial copy of an original mechanical drawing prepared by Husky.

27. On information and belief, said original mechanical drawing is a drawing of Husky's U1750 Hydraulic Actuator, Version 1, or the U1250 Hydraulic Actuator, Version 1.

28. On information and belief, said original mechanical drawing bore a legend that identified the drawing as the property of Husky.

29. On information and belief, said original mechanical drawing additionally bore the following legend:

> THIS DRAWING AND INFORMATION CONTAINED WITHIN IS CONFIDENTIAL AND/OR PROPIETARY TO HUSKY INJECTION MOLDING SYSTEMS LTD. OR ONE OF ITS SUBSIDIARIES ("HUSKY") AND MAY NOT BE COPIED, DISCLOSED OR USED, IN WHOLE OR IN PART, WITHOUT THE PRIOR WRITTEN CONSENT OF HUSKY.
>
> NO INTELLECTUAL PROPERTY RIGHTS ARE GRANTED INCLUDING ANY LICENSE IMPLIED OR OTHERWISE.
>
> ALL RIGHTS RESERVED. COPYRIGHT 2004 HUSKY.

or an equivalent legend with wording sufficient to identify the drawing as Husky confidential information.

30. On information and belief, said original drawing was provided in confidence by Husky to one of its customers, and was obtained by Synventive.

31. On information and belief, Synventive obtained at least one additional Husky drawing from what is believed to be a second of Husky's customers. The drawing attached as Exhibit L to Synventive's Motion for Preliminary Injunction is a copy of a drawing originally provided by Husky to this second customer.

32. At least the drawing attached as Exhibit D to Synventive's Motion for Preliminary Injunction constitutes or reflects a formula, pattern, compilation, program, device, method, technique, or process and hence constitutes trade secret information owned by Husky. Exhibit D reflects an external and internal configuration of Husky's product drawn to scale. Additionally, the original drawing from which Exhibit D was copied includes nominal dimensions and tolerance values of some of the structures and features of this product, including tolerance values for both hot and cold states. At least some of the information on this original drawing constitutes a trade secret of Husky.

33. After a reasonable opportunity for further investigation or discovery, Husky is likely to establish that Synventive has obtained other trade secret drawings of Husky from one or more customers who are under an obligation of confidentiality to Husky.

34. The disclosure or use of Exhibit D by Synventive, or of other drawings that Synventive may have acquired from customers of Husky, would cause irreparable harm to

Husky. Husky has no adequate remedy at law for such irreparable harm, and Husky is entitled to an injunction to limit prospectively such irreparable harm.

35. After a reasonable opportunity for further investigation or discovery, Husky is likely to establish that Synventive wrongfully misappropriated one or more Husky trade secrets described above, at least by acquiring said trade secrets under circumstances wherein Synventive knew or had reason to know that the one or more trade secrets were acquired by improper means including breach of a confidential duty to Husky.

36. After a reasonable opportunity for further investigation or discovery, Husky is likely to establish that the harm to Husky arising from Synventive's acts of trade secret misappropriation is not fully compensable by money damages. Rather, Husky is likely to establish that it has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Synventive's conduct is enjoined.

37. Synventive's conduct in possessing and likely misappropriating Husky's trade secret information is sufficient to give rise to a cause of action under the Vermont Trade Secrets Act.

**COUNT IV**

**UNENFORCEABILTY DUE TO INEQUITABLE CONDUCT**

38. Husky realleges and incorporates by reference paragraphs 1 through 37 of its Counterclaim above.

39. The '870 patent and the '116 patent are unenforceable as a result of inequitable conduct because the inventors of the patents, Messrs. Christppher Lee and Mark Moss, and possibly other persons substantively involved in the prosecution of the patents, failed to disclose

material information to the United States Patent and Trademark Office ("USPTO") during prosecution, with an intent to deceive the USPTO and secure allowance of the patents.

40. During prosecution of U.S. Patent Application Serial No. 09/185,365 ("the '365 application") and Application Serial No. 10/144,480 ("the '480 application"), Synventive applied for claims directed to an injection molding system having:

- a valve pin that can be adjusted while the valve pin is decoupled from the piston, while the clamp plate and the actuator cylinder remain coupled to the mold, and while the valve pin remains extended into the manifold (*e.g.*, claim 7-11 of the '870 patent and claims 13-16 of the '116 patent);

- a valve pin that can be decoupled from piston while the clamp plate remains coupled to the mold, while the valve pin actuator remains mounted in the clamp plate (*e.g.*, claims 1-11 of the '870 patent and claims 1-16 of the '116 patent); and

- a clamp plate and an actuator that can be removed from the mold while the valve pin remains extended into the manifold (*e.g.*, claims 1-11 of the '870 patent and claims 1-16 of the '116 patent).

41. Prior to filing and during the pendency of the '365 application and the '480 application, at least Messrs. Moss and Lee, and possibly others substantively involved with the prosecution of the applications, were aware of a prior art actuator (hereinafter referred to as the "Kona Valve Gate System" previously sold by Synventive. Messrs. Moss and Lee, and possibly others substantively involved with the prosecution of the applications, were also aware that the prior art Kona Valve Gate System had the following functionality:

- the valve pin can be adjusted while the valve pin is decoupled from the piston, while the clamp plate and the actuator cylinder remain coupled to the mold, and while the valve pin remains extended into the manifold;

- the valve pin can be decoupled from piston while the clamp plate remains coupled to the mold, while the valve pin actuator remains mounted in the clamp plate, and while the piston remains sealingly mounted within the valve pin actuator; and

- the clamp plate and actuator can be removed from the mold while the valve pin remains extended into the manifold.

13

42. For example, prior to filing and during the pendency of the '365 application and the '480 application, Messrs. Moss and Lee, and possibly others substantively involved with the prosecution of the applications, were aware of Synventive documents, including marketing and advertising literature, that publicly touted the axial adjustment feature of the Kona Valve Gate System. Exemplary Synventive documents that tout the axial adjustment feature of which Messrs. Moss and Lee were aware of include DX 36; DX50; DX 66; and Exhibits 1 and 2 to DX 33. Also, Messrs. Moss and Lee testified during their depositions in the present case that: (1) the valve pin can be adjusted while the valve pin is decoupled from the piston, while the clamp plate and the actuator cylinder remain coupled to the mold, and while the valve pin remains extended into the manifold; (2) the valve pin of Kona Valve Gate System can be decoupled from piston while the clamp plate remains coupled to the mold, while the valve pin actuator remains mounted in the clamp plate, and while the piston remains sealingly mounted within the valve pin actuator; and (3) the clamp plate and actuator of the Kona Valve Gate System can be removed from the mold while the valve pin remains extended into the manifold.

43. Neither Messrs. Moss or Lee nor the prosecuting attorneys brought to the attention of the Examiner during prosecution of the '365 application or the '480 application that the prior art Kona Valve Gate System had the above-described functionality and features. A reasonable Examiner would have considered this information highly material to the patentability of at least claims 1-11 of the '870 patent and claims 1-16 of the '116 patent. The fact that Messrs. Moss and Lee, and possibly other persons involved in the prosecution of the '365 application and the '480 application, including the prosecuting attorneys, knew of but

nonetheless withheld the above-identified information during prosecution is evidence of their intent to deceive the USPTO.

44.    Instead of disclosing the above-identified information to the USPTO, Messrs. Moss and Lee submitted only a 1-page drawing of the prior art Kona Valve Gate System that was incomplete and misleading as to the system's true features and functionality, and its true significance as a material prior art references.  In particular, the one-page drawing omitted the above-identified features and functionality that rendered the claims unpatentable.  By submitting the one-page drawing of the Kona Valve Gate Actuator that omitted key structure and functionality claimed in the then proceeding pending patent application claims, Messrs. Moss and Lee, and possible others involved with prosecution of the '365 application and the '480 application, deliberately deceived the Examiner into thinking that the Kona Valve Gate System was less relevant than it really was.

## **PRAYER FOR RELIEF**

WHEREFORE, Husky respectfully requests that his Court:

A.    Dismiss Synventive's Complaint, in its entirety, with prejudice and deny the relief sought in its claims;

B.    Enter a declaratory judgment that Husky does not infringe the '025, '870 and '116 patents;

C.    Enter a declaratory judgment that the '025, '870 and '116 patents are invalid;

D.    Enter a declaratory judgment that the '870 and '116 patents are unenforceable due to inequitable conduct;

  E. Enter an injunction against Synventive, its agents, employees, and assigns permanently enjoining them from asserting any charge of infringement of the '025, '870 and '116 patents against Husky, its subsidiaries, agents, employees, successors, and assigns;

  F. Award Husky its attorney fees and costs incurred defending against Synventive's allegations of infringement pursuant to 35 U.S.C. § 285;

  G. Enter an injunction against Synventive, its agents, employees, and assigns requiring return of all Husky trade secrets in Synventive's possession and return or destruction of all records at Synventive that contain, include, or incorporate such Husky trade secrets, pursuant to VT. STAT. ANN. title 9, § 4602;

  H. Enter an injunction against Synventive, its agents, employees, and assigns permanently enjoining them from disclosure or use of any Husky trade secrets in Synventive's possession or ever received by Synventive, or against further such disclosure or use, and against further acquisition of any additional Husky trade secrets, pursuant to VT. STAT. ANN. title 9, § 4602;

  I. Enter an award of damages against Synventive adequate to compensate Husky for Synventive's trade secret misappropriation, pursuant to the provisions of VT. STAT. ANN. title 9, § 4603, and to all other remedies at law for trade secret misappropriation; and

  J. Award such other and further relief as it may deem just and proper.

## JURY DEMAND

  Pursuant to Federal Rule of Civil Procedure 38, Husky respectfully demands a trial by jury on all issues so triable.

                  Respectfully submitted,

| | |
|---|---|
| Dated: August 17, 2009 | By:/s/ Karen McAndrew<br>Karen McAndrew<br>**Dinse, Knapp & McAndrew, P.C.**<br>209 Battery Street<br>P.O. Box 988<br>Burlington, VT  05402<br>Ph.: 802-864-5751<br>Fax:  802-862-6409<br><br>Marc S. Cooperman<br>Janice V. Mitrius<br>Matthew P. Becker<br>Jason S. Shull<br>Katherine L. Becker<br>**Banner & Witcoff, Ltd.**<br>10 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Ph: 312-463-5000<br>Fax: 312-463-5001<br><br>Attorneys for Defendant<br>Husky Injection Molding Systems, Inc. |